FILED
United States Court of Appeals
Tenth Circuit

June 10, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MICHAEL L. TAYLOR,

Defendant-Appellant.

Nos. 12-4186 & 12-4187
(D.C. Nos. 2:12-CR-00645-TC-2 &
2:12-CR-00502-TC-3)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **HARTZ**, and **HOLMES**, Circuit Judges.

Mr. Taylor appeals the district court's order of detention, entered in two criminal proceedings that resulted from two separate indictments. The first indictment involves charges related to government procurement fraud, and the second indictment arose out of Mr. Taylor's attempt to derail the investigation leading to the first indictment and his prosecution on those charges. The government requested a

---

[*]    This panel has determined that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

detention hearing pursuant to 18 U.S.C. § 3142(f), arguing that Mr. Taylor should be detained pending trial.  A magistrate judge ordered him detained after a hearing, and Mr. Taylor sought review and revocation of the detention order from the district court.  The district court also held a hearing, and, considering the matter de novo, also ordered Mr. Taylor's detention pending trial.  The district court found that Mr. Taylor presented a flight risk and a danger to the community and that no conditions of release would reasonably assure Mr. Taylor's appearance and the safety of the community.

The district court's decision on pretrial detention under 18 U.S.C. § 3142 involves mixed questions of law and fact, which we review de novo, as well as findings of historical fact, which we accept unless they are clearly erroneous. *United States v. Cisneros*, 328 F.3d 610, 613 (10th Cir. 2003).  It is the government's burden to show by a preponderance of the evidence that no combination of conditions of release would reasonably assure the defendant's appearance, and to present clear and convincing evidence that there are no release conditions that would assure community safety.  *Id.* at 616; *see also* 18 U.S.C. § 3142(f).

We have reviewed the materials filed in this court,[1] as well as the district court filings, and we see no error in the district court's detention ruling.  The government offered ample evidence that Mr. Taylor presents a flight risk.  We agree with the

---

[1] Mr. Taylor filed a motion for leave to file a reply and submitted the reply brief with the motion.  The motion for leave to file the reply is granted.

district court that a preponderance of the evidence indicates that there is no combination of release conditions that would reasonably assure Mr. Taylor's appearance as required.

We also see no error in the district court's finding that there are no release conditions that could be imposed on Mr. Taylor that would assure the safety of the community. The government presented evidence of the extent to which Mr. Taylor was willing to go to derail the investigation and prosecution of the first indictment against him. The district court did not err in relying on this clear and convincing evidence as support for its finding that the safety of the community against further attempts to obstruct justice cannot be assured by conditions of release.

Finally, we find no merit to Mr. Taylor's argument that denial of counsel of his choice and denial of effective assistance of counsel are grounds to reject the district court's order of pretrial detention pursuant to 18 U.S.C. § 3142. Beyond the fact that considerations of legal representation play no part in the § 3142 analysis, we note that the district court has, in fact, granted all motions for admission *pro hac vice* filed by attorneys of Mr. Taylor's choosing so that they may represent him. And a claim of the denial of the Sixth Amendment right to effective assistance of counsel, with its required showing of prejudice, can be effectively raised and addressed only after the criminal proceedings are concluded.

The order of detention pending trial is affirmed. Although this order and judgment is not filed under seal, all previous orders in this appeal provisionally granting motions to seal various documents are hereby made permanent.

Entered for the Court
Per Curiam